IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01774-KAS

CRYSTAL M. TABOR,

    Plaintiff,

v.

GREAT WESTERN BUILDINGS,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Partial Motion to Dismiss** [#22] (the "Motion"). Plaintiff filed a Response [#23] in opposition to the Motion to Dismiss [#22], and Defendant filed a Reply [#31]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Motion [#22] is **GRANTED**.[1]

### I.   Background

Plaintiff was employed by Defendant from September 13, 2022 through March 2, 2023. *Am. Compl.* [#15-1] at 3, 8. Following the end of Plaintiff's employment, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 6, 2023, and an amended Charge of Discrimination on May 25, 2023. *Charges of Discrimination* [#15-4, #15-5]. Therein, she alleged Defendant discriminated against her in violation of the Americans with Disabilities Act ("ADA") and retaliated against her in violation of Title VII of the Civil Rights Act. *Id.* On March 21, 2024, the EEOC issued its

---

[1] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 72.2(d) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#20, #21].

Dismissal and Notice of Right to Sue ("RTS Notice"). *RTS Notice* [#15-3]. The RTS Notice advised, "[Y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document." *RTS Notice* [#15-3] (additional emphasis omitted).

Plaintiff commenced this lawsuit against Defendant on June 24, 2024. *Compl.* [#1]. In her Amended Complaint, she asserts federal claims under the ADA (Claims One, Two, and Six) and Title VII (Claims Four and Six), and state law claims for negligence (Claim Three) and fraudulent misrepresentation (Claim Five). *Am. Compl.* [#15] at 9-13. In its Partial Motion to Dismiss, Defendant contends Plaintiff's federal claims should be dismissed because they are untimely. *Motion* [#22] at 5-8. It also argues that the factual allegations supporting each of Plaintiff's claims, apart from her negligence claim that Defendant does not challenge, are insufficient to state a claim upon which relief could be granted. *Id.* at 8-15.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"

2

*Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Finally, when evaluating a complaint filed by a pro se litigant, a court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings prepared by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. Analysis

**A.     Plaintiff's Federal Claims**

**1.     Filing Deadline**

Under Title VII and the ADA, the administrative remedy process begins with an aggrieved party filing a charge with the EEOC alleging that an employer engaged in an unlawful employment practice. 42 U.S.C. § 2000e-5(b); *see also E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002) (stating that "Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII" when it enforces ADA prohibitions against employment discrimination based on disability). Once a charge is filed, the EEOC investigates it and has "exclusive jurisdiction over the claim for 180 days." *Waffle House*, 534 U.S. at 288; *see also* 42 U.S.C. § 2000e-5(f)(1). If the EEOC decides to dismiss a claim, it issues written notice of that decision along with a "notice of rights informing the person claiming to be aggrieved . . . of the right to sue in Federal district court within 90 days of receipt of the determination." 29 C.F.R.

§ 1601.18(b); *see also* 42 U.S.C. § 2000e-5(f)(1). This notice is commonly known as a "right to sue" notice. *Waffle House*, 534 U.S. at 291.

A would-be plaintiff has 90 days after receiving her right to sue notice to bring a civil action. 42 U.S.C. § 2000e-5(f)(1) (outlining filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (providing that Title VII deadlines apply to ADA claims). This filing period functions like a statute of limitations rather than a jurisdictional prerequisite. *See Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (explaining that Title VII's 90-day filing requirement "is not a jurisdictional prerequisite but a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.") (internal quotation marks and citation omitted).

Historically, the EEOC sent RTS Notices through the United States Postal Service and therefore, because the 90-day deadline was triggered upon the plaintiff's receipt of the RTS Notice, ascertaining a plaintiff's exact deadline was difficult. *See Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996). If the date of receipt was unknown or disputed, the Tenth Circuit recognized a three-to-five-day mailing presumption from the date of the RTS Notice. *See*, *e.g., Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001) (noting that the Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day [mailing time] presumption") (citations omitted). Thus, when the date of receipt was unknown, a plaintiff's deadline to initiate her lawsuit was 93 to 95 days from the date of the RTS Notice. *Id.*

By 2020, the EEOC transmitted its RTS Notices to claimants via email. *See* 29 C.F.R. § 1601.3(b) (explaining that with regard to EEOC procedural regulations, "the terms file, serve, submit, receive, transmit, present, send, issue, and notify shall include

4

all forms of digital transmission."); *see e.g., Boyd v. Monroe City Hall*, No. 3:20-CV-1473, 2021 WL 1305385, at *3 (W.D. La. Mar. 8, 2021) (noting that "the EEOC notice of right to sue was transmitted to Plaintiff by email" and that the plaintiff had 90 days from the email's transmission to file suit).

Here, Defendant argues that Plaintiff's claims are time-barred because the 90-day clock started running on March 21, 2024, the day Plaintiff received the RTS Notice by email. *See Motion* [#22] at 7. In support, Defendant asks the Court to take judicial notice of EEOC Activity Logs and other documents, which Defendant has attached to its Motion, but which are not attached to Plaintiff's Complaint. *See Motion* [#22] at 1-2 & n.1; *id*. at 2. The Court declines to consider the EEOC Activity Logs and other documents attached to Defendant's Motion [#22]. Normally, when considering a motion to dismiss, a court must disregard facts supported by documents other than the complaint unless the court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). A court may consider documents outside the complaint on a motion to dismiss where: (1) the documents are pertinent to a ruling on a Rule 12(b)(1) motion to dismiss; (2) the documents are subject to judicial notice, such as court documents and matters of public record; or (3) the documents are both central to the plaintiff's claims and are referenced in the complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

The Court declines to evaluate the EEOC Activity Logs and other attachments to Defendant's Motion [#22] because they are not part of Plaintiff's Amended Complaint [#15] and Defendant's Motion [#22] is not filed under Rule 12(b)(1). As for whether the EEOC Activity Logs constitute judicially noticeable public records, different courts have

taken different views. *See*, *e.g.*, *Pinnock Teletech Gov't Sols., LLC*, No. 24-cv-03290-NRN, 2025 WL 2095346, at *5 (D. Colo. Apr. 17, 2025) (taking judicial notice of EEOC activity log when the log's "accuracy is not subject to reasonable dispute"); *Townsend v. Aptar*, No. 1:23-cv-1690-MLB-CMS, 2024 WL 3314985, at *4 n.2 (N.D. Ga. Feb. 14, 2024) (taking judicial notice of EEOC public portal records because they were extrinsic documents "central to the plaintiff's claims whose authenticity has not been challenged" and the "accuracy cannot reasonably be questioned"), *report and recommendation adopted*, 2024 WL 3314984 (N.D. Ga. May 30, 2024); *Aletum v. Wesco Distrib., Inc.*, No. 23-cv-494-PX, 2023 WL 8235159, at *1 n.2 (D. Md. Nov. 28, 2023) (taking judicial notice of EEOC records because they were public records and central to the plaintiff's claims); *but see Painadath v. Lattanzzio*, No. CV 22-3604, 2024 WL 1836500, at *3 (E.D. Pa. Apr. 26, 2024) (declining to judicially notice EEOC activity log because doing so would require the court to "make certain assumptions or inferences about what the various timestamps, acronyms, and terminology represent") (internal citation and quotation marks omitted); *Carrigan v. Archdiocese of Milwaukee*, No. 22-cv-1084-PP, 2023 WL 68100073, at *3 (E.D. Wis. Oct. 16, 2023) (declining to judicially notice EEOC activity log in part because the EEOC's recordkeeping practices "are by their very nature not free of error").

However, the Court need not decide whether the EEOC Activity Logs are judicially noticeable because they are unnecessary to determine when the 90-day clock started running. Here, Plaintiff does not dispute that the 90-day clock started to run on March 21, 2024, the date on the RTS Notice, which is attached to the Amended Complaint, *see* [#15-3] at 1. In her opposition to Defendant's Motion [#22], Plaintiff acknowledges that 90 days from March 21, 2024, is June 19, 2024. *Response* [#23] at 2. She argues, however,

that Federal Rule of Civil Procedure 6(a)(1)(C)[2] extended her deadline to June 20, 2024, because June 19 was a legal holiday. *Id*. Therefore, the Court need only determine whether Plaintiff timely filed her Complaint [#1] when she placed it in the mail on June 20, 2024.

### 2. Plaintiff's Federal Claims are Untimely

While Plaintiff placed her Complaint [#1] in the mail on June 20, 2024, *see Envelope* [#1-3], it did not arrive at the courthouse and was not docketed until June 24, 2024. *See Compl.* [#1] at 1.

In response to Defendant's Partial Motion to Dismiss, Plaintiff argues that the Complaint's mailing date is the filing date. *Response* [#23] at 2. In other words, Plaintiff seeks to avail herself of the "mailbox rule," which deems prison filings timely "if given to prison officials for mailing prior to the filing deadline[.]" *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). However, Plaintiff's reliance on the mailbox rule is misplaced. The rule only applies to incarcerated pro se litigants. *See Price*, 420 F.3d at 1164 (holding that the prison mailbox rule applies to inmate filings, including the filing of a civil rights complaint); *see also Flannery v. Boxer F2, L.P.*, No. 20-cv-00099-DDD-STV, 2022 WL 584244, at *9 (D. Colo. Jan. 27, 2022) (noting the mailbox rule only applies to "actions filed by incarcerated individuals, not civil actions commenced by non-incarcerated individuals.") (internal quotation marks and citation omitted). Plaintiff is not incarcerated.

Plaintiff alternatively argues that a June 24, 2024 complaint-filing was still timely because Federal Rule of Civil Procedure 6(a)(1)(B) excludes "weekend days (June 22

---

[2] "When the period is stated in days or a longer unit time: . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C).

7

and 23)[.]" *Response* [#23] at 2. Plaintiff misapplies Rule 6(a)(1)(B), however. Rule 6(a)(1) requires any deadline that lands on a weekend to continue to the next weekday. Rule 6(a)(1)(B) specifically requires that every day "*including* intermediate Saturdays, Sundays, and legal holidays" be counted. (emphasis added). Here, 90 days from March 21, 2024, did not land on a weekend. Counting all intermediate Saturdays, Sundays, and legal holidays (such as Memorial Day), it landed on Wednesday, June 19, 2024, a legal holiday. Therefore, pursuant to Rule 6(a)(1)(B), the filing deadline continued to the next non-holiday weekday, Thursday, June 20, 2024. Accordingly, absent equitable tolling, Plaintiff's federal claims are clearly time-barred.

### 3.     Equitable Tolling

Equitable tolling "pauses the running of, or 'tolls,' a statute of limitations" under certain circumstances. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). However, such relief is granted sparingly. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Lozano*, 572 U.S. at 10 (observing that "the [equitable tolling] doctrine effectively extends an otherwise discrete limitations period set by Congress" and, therefore, warrants careful consideration of statutory intent).

To that end, federal courts will equitably toll deadlines only in rare circumstances, such as "where [the plaintiff] has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the [plaintiff] has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96 (1990) (footnote omitted). On the other hand,

where a plaintiff fails to exercise due diligence in preserving her legal rights or misses a deadline due to excusable neglect, courts are much less forgiving. *See id.* ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.").

The Tenth Circuit has endorsed equitable tolling for Title VII and ADA claims only where circumstances "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838-39 (10th Cir. 1979)). "Equitable tolling might be appropriate, for example, where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Id.* (quoting *Carlile v. S. Routt Sch. Dist.*, 652 F.2d 981, 986 (10th Cir. 1981)). "'Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, [a court] will permit tolling of the limitations period.'" *Id.* (quoting *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)). Ultimately, "[t]he application of equitable doctrines" such as equitable tolling "rests in the sound discretion of the district court." *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 861 (10th Cir. 1996).

Here, Plaintiff simply states that "[f]iling deadlines are subject to equitable tolling to promote fairness." *Response* [#23] at 2 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). She does not present any allegations that she faced exceptional circumstances required to apply equitable tolling. *Irwin,* 498 U.S. at 96. Additionally, Plaintiff has not presented any basis for the Court to infer Plaintiff was in any way misled in pursuing her rights.

The Court thus concludes that the facts here do not fall within the narrow circumstances that the law requires for equitable tolling. Because the untimeliness of Plaintiff's Amended Complaint [#15-1] cannot be cured, the Court dismisses with prejudice Plaintiff's federal claims. *See, e.g., VanHorn v. U.S. Postal Serv.*, No. 21-1067-DDC-GEB, 2022 WL 226276, at *5 (D. Kan. Jan. 26, 2022) (dismissing with prejudice claims that were filed after the 90-day filing period "[b]ecause those claims are untimely and plaintiff can't assert them again"); *D.L.F. v. Kijakazi*, No. 21-2243-SAC, 2021 WL 5492912, at *2 (D. Kan. Nov. 22, 2021) (dismissing time-barred complaint with prejudice); *see also Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001) (finding that a dismissal of an untimely filed claim without prejudice was, "in real world terms," a dismissal with prejudice because "any attempt by [the plaintiff] to refile her claims . . . would be out of time").

**B.     State Law Claims**

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction[.]" *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (applying provision to affirm district court's dismissal of the plaintiff's state law claims). Having dismissed all the claims arising under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, i.e., negligence (Claim Three) and fraudulent misrepresentation (Claim Five), and the Court dismisses those claims without prejudice.[3] *See, e.g., Amarsingh v. Frontier Airlines, Inc.*,

---

[3] Pursuant to 28 U.S.C. § 1367(d), the limitations period for any supplemental jurisdiction claim is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

No. 23-cv-01875-GPG-KAS, 2024 WL 4523868, at *6-7 (D. Colo. Sept. 24, 2024) (declining to exercise supplemental jurisdiction over the plaintiff's state law breach of contract claim after dismissing her insufficiently pleaded federal claim). Given Plaintiff's pro se status and to avoid any confusion, the Court advises that dismissal of these state law claims is not a decision on their merits; the Court takes no position on whether Plaintiff has stated one or more viable claims under state law.[4]

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendant's Partial Motion to Dismiss [#22] is **GRANTED.**

IT IS FURTHER **ORDERED** that Plaintiff's federal claims (Claims One, Two, Four, and Six) are **DISMISSED WITH PREJUDICE** as time-barred.

IT IS FURTHER **ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims (Claims Three and Five), and those claims are **DISMISSED WITHOUT PREJUDICE**.

Dated: September 29, 2025                BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

[4] In light of this ruling, the Court declines to address the remainder of Defendant's arguments for dismissal of Plaintiff's claims. *Motion* [#22] at 8-15.